## OTIS STINCHFIELD *vs.* JOHN C. GERRY.

### *Deed—construction of.*

The plaintiff took conveyance of a parcel of land described as "being the most northerly fifty acres of lot number forty-two, according to Norcross' survey." A county road previously constructed, was laid along the east line of lot No. 42, one-half of its width being upon said lot, and the other on the lot next easterly of it. The court held that, to obtain his fifty acres, the plaintiff must go to the east line of lot No. 42, which was the centre of the road aforesaid; and that resort could not be had to the covenants of the deed (especially to that warranting the land to be free from incumbrances) in order to change his line, so as to run it along the westerly side of the road.

ON REPORT.

TRESPASS *quare clausum,* for breaking and entering certain premises conveyed by Samuel Mitchell to Otis Stinchfield, by deed containing the usual covenants of warranty, dated April 28, 1845, the description in which is quoted in the opinion, where will be found a statement of the single question submitted and of the facts necessary for its determination; and the line of argument pursued by the respective counsel can be readily perceived from the language of the court.

*Lebroke & Pratt* for the plaintiff, cited *Bradley* v. *Rice,* 13 Maine, 198; *Cottle* v. *Young,* 59 Maine, 105; *Tyler* v. *Hammond,* 11 Pick., 193; *Van O'Linda* v. *Lothrop,* 21 Pick, 292; *Peck* v. *Smith,* 1 Conn., 103; *Jackson* v. *Hathaway,* 15 Johnson, 447; and 2 Washb. on Real Prop., 623.

To the point that recourse might be had to the *habendum* and covenants of the deed they cited *Deering* v. *Long Wharf,* 25 Maine, 51.

*C. A. Everett* for the defendant.

LIBBEY, J.   Plaintiff claims that defendant committed trespass on premises conveyed to him by deed of warranty containing the following description: "a certain piece or parcel of land situated

in said Dover and being the most northerly fifty acres of lot number forty-two according to Norcross' survey." The parties agree "that a county road is duly laid out in the east line of No. 42, and one-half of said road is on said lot No. 42, and one-half on the lot next east" and "that, if plaintiff, in order to get his fifty acres of said lot, is entitled to be bounded by the west line of said road defendant is a trespasser ; but if plaintiff's fifty acres must be bounded on the east by the east line of lot No. 42, which is the centre of said road, defendant is not a trespasser." It is admitted that the road was a highway at the time the plaintiff took his title.

It is contended on the part of the plaintiff that in cases of ambiguity in the description, the covenants in the deed may be taken into consideration in ascertaining the meaning of the parties, that by his deed he is entitled to fifty acres free from incumbrances; and to get it he must be bounded by the west line of the highway. But in this case there is no ambiguity in the description. The covenants in a deed cannot enlarge the grant, but only apply to the thing granted.

By the deed under which the plaintiff claims he is bounded on the east by the east line of the lot, and not by the west line of the highway.                                *Plaintiff nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.